UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MANUEL ANTONIO RIOS,

    Plaintiff,

v.

                              Case No. 19-cv-912-pp

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff has used an outdated petition and affidavit form—which indicates that the plaintiff is not married, and he is not responsible for supporting any dependents. Dkt. No. 2 at 2. The plaintiff states that he has income of $920 per month, id., and expenses of $1,045 per month, id. at 4-5. The plaintiff indicates that he owns a

1

2012 Nissan Altima worth $8,000 (although he says it is in his spouse's name and that they are separated), and that he has $70 in cash on hand or in a checking or savings account. Id. at 3. The plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that he is disabled due to multiple symptoms and that he was denied benefits because the Commissioner determined that he was not disabled. Dkt. No. 1 at 2. The plaintiff identifies a number of mistakes he believes were made by the Administrative Law Judge in his decision denying benefits to the plaintiff, and sums up by saying that it is his contention that the denial of benefits is not supported by substantial evidence, including the weight of the evidence, the plaintiff's credibility, the medical opinions of his doctors, and any and all other applicable evidentiary issues. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in

fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 21st day of June, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**