MANUEL ANTONIO RIOS,

        Plaintiff,

v.                              Case No. 19-cv-912-pp

KILOLO KIJAKAZI,

        Defendant.

## ORDER GRANTING UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER §406(b) (DKT. NO. 33)

On September 23, 2021, the court reversed the decision of the Commissioner of Social Security and remanded the case to the Commissioner under sentence four of 42 U.S.C. §405(g). Dkt. Nos. 27, 28. On January 5, 2022, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the amount of $11,340, dkt. no. 31, which the court approved the next day, dkt. no. 32. The plaintiff received a fully favorable decision from the Commissioner on remand, dkt. no. 33 at ¶2, and the August 29, 2022 Notice of Award stated that the plaintiff's past due benefits were $63,836, dkt. no. 33-1 at 1. On September 12, 2022, the plaintiff filed a motion for attorney's fees under §206(b)(1) of the Social Security Act, 42 U.S.C. §406(b)(1). Dkt. No. 33. The plaintiff's attorney, Karl E. Osterhout, seeks an award in the amount of $15,959. Id. at 3. The Commissioner filed a response stating that she does not oppose the motion. Dkt. No. 40.

1

**I.  Legal Standard**

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. Section "'406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" Culbertson v. Berryhill, 139 S.Ct. 517, 520 (2019) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. O'Donnell v. Saul, 983 F.3d 950, 952 (7th Cir. 2020) (citing 42 U.S.C. §406(b)(1)). The fees are deducted from the claimant's benefits and do not constitute an award against the government. Kopulos v. Barnhart, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004) (citing Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985)).

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement, but to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

The plaintiff signed a contract with Attorney Osterhout on June 4, 2019, agreeing to a 25% total fee for representation before the agency and the court. Dkt. No. 33-3. The agreement included the following:

> If a federal appeal is successful and I am awarded benefits after my new hearing, I agree to pay a fee of 25% of my past due benefits, even if that amount is greater than the amount set forth in 42 U.S.C. 406(a)(2) (that is, more than $6,000).

Id. The Social Security Administration withheld 25% of the plaintiff's past-due benefits, or $15,959, to pay the plaintiff's lawyer. Dkt. No. 33-1 at 2.

Section 406(b) places two limitations on attorney's fee awards: (1) a cap of 25% and (2) a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap.

The §406(b) fee requested appears reasonable. The plaintiff's attorney obtained a good result for the plaintiff, with an award of benefits from August 2015 through December 2020. Dkt. No. 33-1 at 1. The plaintiff agreed to pay 25% of the past-due benefits awarded to him. Dkt. No. 33-3. The overall hourly rate of Attorney Osterhout's work was $281.46. Dkt. No. 33 at 4 (dividing $15,959 by 56.7 expended hours). See Dkt. No. 33-2 (Attorney Osterhout's time itemization). The court finds that this hourly amount is reasonable for the benefit provided to the plaintiff. This court has previously permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (approving award resulting in implied

hourly rate exceeding $1,000, based upon performance and client approval));
Kolp v. Colvin, No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (granting in full request for award equating to $1,118.44 hourly rate).

Where the plaintiff's attorney receives fees under both the EAJA and §406(b), the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796; O'Donnell, 983 F.3d at 953. Attorney Osterhout acknowledges that upon payment of the §406(b) fees, he will be obligated to return a portion of the awarded fees to offset the amount previously awarded under the EAJA. Dkt. No. 33 at 5. See also Dkt. No. 33-4 (text of Attorney Osterhout's proposed order).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for attorney's fees under 42 U.S.C. §406(b) and **APPROVES** the award of $15,959 payable to the plaintiff's attorney by the defendant. Dkt. No. 33.

Upon receipt of the award, the plaintiff's attorney must refund to the plaintiff the $11,340 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 6th day of July, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**